1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   AMBER L. B.,

11                              Plaintiff,

CASE NO. 2:21-cv-01358-JRC

12          v.

ORDER ON PLAINTIFF'S
COMPLAINT

13   COMMISSIONER OF SOCIAL
     SECURITY,

14                              Defendant.

15

16

17          This matter is before the Court on the parties' consent (Dkt. 2.) and on plaintiff's

18   complaint. Dkt. 5. The matter has been fully briefed. *See* Dkts. 13, 16, 17.

19          Plaintiff is a 43-year-old woman with prior employment as a cashier, sales attendant,

20   hotel clerk, receptionist, and nursery school attendant, who claims she can no longer work due to

21   physical and mental impairments, which include degenerative disc disease, migraines, depressive

22   disorder, posttraumatic stress disorder, and generalized anxiety disorder. The Administrative

23

24

1  Law Judge ("ALJ") found that plaintiff is not disabled because she has the residual functional

2  capacity ("RFC") to perform light work.

3       In finding plaintiff not disabled, the ALJ rejected plaintiff's subjective symptom

4  testimony and the medical opinion of psychological consultative examiner, Kisha Clune, MD.

5  The Court concludes that the ALJ erred in doing so. The ALJ's rejection of plaintiff's testimony

6  is not supported by clear and convincing reasons. Notably, the ALJ did not specify which

7  portions of plaintiff's testimony were not credible and what evidence suggested the complaints

8  were not credible.

9       As for the medical opinion, although the ALJ provided multiple reasons for finding it not

10  persuasive, those reasons are not supported by substantial evidence or are unreasonable. For

11  example, substantial evidence does not support the ALJ's conclusion that Dr. Clune's opinion

12  was not based on objective evidence. The record reveals that Dr. Clune conducted a mental

13  status examination, which is objective evidence for mental health impairments. It is also

14  unreasonable for the ALJ to reject Dr. Clune's medical opinion because it was based on one

15  examination and partially relied on plaintiff's subjective reports.

16       The errors are not harmless because the ALJ's evaluation of other evidence and the RFC

17  determination could well have differed had the improperly rejected evidence been credited.

18  Therefore, this matter is remanded for further proceedings.

19                          **BACKGROUND**

20       Plaintiff, Amber L. B., was born in 1979 and was 40 years old on the alleged date of

21  disability onset of March 15, 2019. Administrative Record ("AR") 100. Plaintiff has at least a

22  high school education and prior work experience as a cashier, sales attendant, hotel clerk,

23  receptionist, and nursery school attendant. AR 38, 39, 107.

24

ORDER ON PLAINTIFF'S COMPLAINT - 2

1    Plaintiff's applications for disability insurance benefits pursuant to 42 U.S.C. § 423 (Title

2   II) and Supplemental Security Income benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of

3   the Social Security Act were denied initially and following reconsideration. AR 99, 108.

4   Plaintiff's requested hearing was held before ALJ Laura Valente on September 30, 2020. *Id.* at

5   46–78. On December 1, 2020, the ALJ issued a written decision in which she concluded that

6   plaintiff was not disabled pursuant to the Social Security Act. *Id.* at 12–40.

7    On August 27, 2021, the Appeals Council denied plaintiff's request for review, making

8   the written decision by the ALJ the final agency decision subject to judicial review. AR 1; *see* 20

9   C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

10   written decision in October 2021. Dkt. 5. Defendant filed the sealed administrative record

11   regarding this matter on December 6, 2021. Dkt. 11.

12    **DISCUSSION**

13    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14   social security benefits if the ALJ's findings are based on legal error or not supported by

15   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

17    Plaintiff raises the following issues in her opening brief: (1) whether the ALJ erred in

18   rejecting plaintiff's subjective symptom testimony; (2) whether the ALJ erred in rejecting

19   medical opinions from treating and examining mental health experts; and (3) whether the ALJ's

20   residual functional capacity assessment is supported by substantial evidence. Dkt. 13. Because

21   the first and second issues presented by plaintiff are dispositive, the Court need not consider the

22   third, as the ALJ will need to reevaluate the entire matter on remand.

23   ///

24

1   **I.      Subjective Symptom Testimony**

2          If an ALJ rejects the subjective symptom testimony of a claimant based on an underlying

3   impairment that has been established, the ALJ must support the rejection by making "specific

4   findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273,

5   1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). That is not an

6   easy task, because "[t]he clear and convincing standard is the most demanding required in Social

7   Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

8          Here, plaintiff testified that she has trouble concentrating and experiences monthly panic

9   attacks, anxiety, and a loss of motivation. AR 54, 66, 70, 72. She testified that she spends days in

10  her apartment, does not bathe for days at a time, and has suicidal thoughts. AR 66.

11         The ALJ conceded that plaintiff's medically determinable impairments could reasonably

12  be expected to cause plaintiff's symptoms. *See* AR 26. Nevertheless, the ALJ rejected plaintiff's

13  mental symptom testimony and provided three reasons for doing so. *Id.* However, the ALJ does

14  not state which portion of plaintiff's testimony is contradicted by a given reason. According to

15  the Ninth Circuit,

16         [t]o ensure that our review of the ALJ's credibility determination is meaningful,
           and that the claimant's testimony is not rejected arbitrarily, we require the ALJ
17         to specify which testimony she finds not credible, and then provide clear and
           convincing reasons, supported by evidence in the record, to support that credibility
18         determination.

19  *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Thus, the ALJ's failure to explain

20  which portion of plaintiff's testimony is contradicted by her conclusions is legal error. *See*

21  *Dodrill*, 12 F.3d at 918 ("It's not sufficient for the ALJ to make only general findings; [s]he must

22  state which [symptom] testimony is not credible and what evidence suggests the complaints are

23  not credible.").

24

1    To the extent that the ALJ is rejecting all of plaintiff's mental symptom testimony, the

2    Court concludes that the three reasons provided by the ALJ are not clear and convincing. First,

3    the ALJ stated that plaintiff's mental status examinations "generally reflect benign." AR 32.

4    However, the ALJ does not cite to any specific mental status examinations to support this

5    conclusion and merely references her prior summary of medical evidence. The Ninth Circuit has

6    held that that "an ALJ does not provide specific, clear, and convincing reasons for rejecting a

7    claimant's testimony by simply reciting the medical evidence in support of his or her residual

8    functional capacity determination." *Brown-Hunter*, 806 F.3d at 489. Further, there are mental

9    status examinations in the record that appear to contradict the ALJ's assertion. *See, e.g.*, AR

10    510–12 (mental status examination by Dr. Kisha Clune listing several impairments). Therefore,

11    this reason is not clear and convincing.

12    Second, the ALJ rejected plaintiff's testimony because "there is no indication that

13    [plaintiff's] treatment has changed or required referral to any more intensive mental health

14    intervention during the relevant time." AR 32. It appears that the ALJ penalized plaintiff because

15    she "has not required any inpatient hospitalizations, partial hospitalizations, structured living

16    arrangements, or emergency room visits as a result of any mental symptoms." AR 26. It is not

17    clear how plaintiff's testimony is not credible because of this reason. Defendant attempts to

18    clarify the ALJ's conclusion by arguing that "the record revealed that with therapy and

19    medication, [plaintiff] was coping better than she had in the past." Dkt. 16 at 4. However, "doing

20    well for the purposes of a treatment program has no necessary relation to a claimant's ability to

21    work or to her work-related functional capacity." *Hutsell v. Massanari*, 259 F.3d 707, 712 (9th

22    Cir. 2001). Moreover, the Ninth Circuit has emphasized that "it is error to reject a claimant's

23    testimony merely because symptoms wax and wane in the course of treatment." *Garrison v.*

24

1   *Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Therefore, it was error for the ALJ to reject

2   plaintiff's testimony on this basis.

3          The ALJ also rejected plaintiff's subjective symptom testimony because she "is able to

4   perform a wide array of activities." AR 32. Specifically, the ALJ stated that plaintiff is "capable

5   of caring for her personal needs, caring for her minor son, caring for her dog, preparing complex

6   meals, performing household chores, shopping, . . . using public transportation, watching

7   television, reading, walking, and spending time with others." *Id.* However, plaintiff need not

8   "vegetate in a dark room" to be deemed eligible for benefits. *Cooper v. Bowen*, 815 F.2d 557,

9   561 (9th Cir. 1987). "[T]he mere fact that a plaintiff has carried on certain daily activities . . .

10  does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495

11  F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

12  ALJ's should not use activities of daily living against a plaintiff unless they show that the

13  plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the

14  performance of physical functions that are transferable to a work setting." *Id.* (citing *Fair v.*

15  *Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The ALJ did not specify what portions of plaintiff's

16  testimony were contradicted by her activities of daily living and she did not assess whether these

17  activities met the threshold for transferable work skills. Therefore, this is not a clear and

18  convincing reason to reject plaintiff's subjective symptom testimony.

19  **II.     The ALJ's Evaluation of Dr. Clune's Medical Opinion**

20         The Ninth Circuit has held that deference is due to a treating or examining doctor's

21  opinion and that if an ALJ rejects such an opinion and the opinion is contradicted by another

22  doctor's opinion, the "ALJ may only reject it by providing specific and legitimate reasons that

23  are supported by substantial evidence." *Garrison*, 759 F.3d at 1012. However, for applications

24

1   filed on or after March 27, 2017, the Administration has directed ALJs that they are no longer to

2   defer to medical opinions from treating or examining sources (*see* 20 C.F.R. § 416.927(c)),

3   instead they must evaluate the persuasiveness of medical opinions by analyzing their

4   "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a).

5          This Court—and others—have concluded that the new regulations supplant judicial

6   precedent regarding the weight given to controverted examining and treating source opinions, to

7   the extent that there is a conflict. *See* Dkt. 20, *Mooney v. Commissioner of Social Security*, 3:19-

8   cv-05103-RBL-JRC (W.D. Wash. Feb 14, 2020), *report and recommendation adopted*; Dkt. 15,

9   *Martinson v. Commissioner of Social Security*, 3:20-cv-05149-JRC (W.D. Wash. August 25,

10   2020); *see also Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal.

11   June 29, 2020) ("[T]he Court is mindful that it must defer to the new regulations, even where

12   they conflict with prior judicial precedent . . . .").

13          Nevertheless, the Court makes no ruling in this case about whether the specific and

14   legitimate standard of review continues to apply. Regardless of the outcome of this issue, the

15   Court must review whether the ALJ's decision is supported by substantial evidence and is free

16   from legal error. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). That is, the ALJ

17   "must provide sufficient reasoning that allows us to perform our own review, because the

18   grounds upon which an administrative order must be judged are those upon which the record

19   discloses that its action was based." *Id.* (internal citations and quotations omitted).

20          On September 11, 2019, after performing a mental status examination, psychological

21   consultative examiner, Kisha Clune, MD, issued a report. *See* AR 502–12. She noted that

22   plaintiff's ability to perform simple and repetitive tasks as well as her ability to perform work

23   activities on a consistent basis without special or additional instructions is "impaired." *Id.* at 512.

24

1    She also opined that plaintiff's ability to perform work duties at a sufficient pace, maintain

2    regular attendance in the workplace, and complete a normal workday without interruptions is

3    "poor." *Id.*

4         The ALJ found Dr. Clune's mental evaluation unpersuasive for several reasons. First, the

5    ALJ stated that Dr. Clune's opinion was "devoid of signs and laboratory findings to support each

6    of the limitations opined." AR 34. Defendant notably does not attempt to defend this reason. *See*

7    Dkt. 16 at 8–10. Although Dr. Clune's opinion may not have been based on laboratory findings,

8    she conducted a mental status examination. *See* AR 510. The Court notes that "[l]ike the physical

9    examination, the Mental Status Examination is termed the *objective* portion of the patient

10   evaluation." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination

11   3 (Oxford University Press 1993); *see also Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir.

12   2017) (explaining that psychiatric evaluations may appear subjective, but such is the nature of

13   psychiatry). Therefore, it was unreasonable for the ALJ to reject Dr. Clune's opinion of

14   plaintiff's mental health because it was not based on laboratory findings.

15        Second, the ALJ stated that Dr. Clune's opinion is not well supported or consistent with

16   Dr. Clune's own mental status examination and the longitudinal record. AR 34. Indeed, the more

17   consistent a medical opinion is with the record as a whole, the more persuasive it will be. *See* 20

18   C.F.R. § 416.920c(c)(2). However, where an ALJ seeks to discredit a medical opinion, she must

19   explain why her own interpretations, rather than those of the doctors, are correct. *See Reddick v.

20   Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ failed to do so here. Although the ALJ

21   stated that Dr. Clune's assessment is not consistent with her mental status examination and the

22   longitudinal record, the ALJ does not support her reasoning. *See* AR 34.

23

24

1    Defendant provides examples of "normal to benign objective findings" in the record to

2    support the ALJ's conclusion. *See* Dkt. 16 at 9. But even if the ALJ was referring to those

3    citations, they still fail to show inconsistencies with Dr. Clune's assessments. For example, it is

4    not clear how treatment notes that plaintiff was "pleasant" and "fairly upbeat" during

5    appointments, and that she had "normal memory, language, and fund of knowledge," are

6    inconsistent with Dr. Clune's assessed limitations to plaintiff's ability to perform simple and

7    repetitive tasks, perform work activities on a consistent basis without special or additional

8    instructions, perform work duties at a sufficient pace, maintain regular attendance in the

9    workplace, or complete a normal workday without interruptions. AR 512. Further, as plaintiff

10   points out, the ALJ did not mention that Dr. Clune's opinion is consistent with several medical

11   opinions in the record. *See* AR 707–13, 714–21, 722–29. Therefore, the ALJ's conclusion that

12   Dr. Clune's opinion is not consistent with her own findings and the longitudinal record is not

13   supported by substantial evidence.

14   Third, the ALJ rejected Dr. Clune's opinion because she saw plaintiff "on a single

15   examination and largely relied on [plaintiff's] subjective symptom reports in formulating her

16   opinions." AR 34. The Court agrees with plaintiff that it was unreasonable for the ALJ to reject

17   Dr. Clune's opinion because she only saw plaintiff one time. If this reason was enough, an ALJ

18   would be free to reject every consultative examining doctor's opinion because they generally

19   only see claimants once. This Court agrees with other courts that have rejected similar reasons.

20   *See, e.g.*, *Daniel H. v. Comm'r of Soc. Sec.*, C19-6147-BAT, 2020 WL 7054308 at *2 (W.D. Wash.

21   Dec. 2, 2020). Further, the ALJ erred in rejecting Dr. Clune's opinion because it was partially based

22   on plaintiff's subjective symptom reports. An ALJ may reject such an opinion once a claimant's

23   subjective complaints have been properly discounted. *See Buck*, 869 F.3d at 1049. However, the

24

1   Court concluded that the ALJ erred in rejecting plaintiff's subjective symptom testimony in this

2   matter. Therefore, the ALJ could not reject Dr. Clune's opinion on that basis.

3          Finally, the ALJ stated that Dr. Clune's opinions "are vague at best and do not

4   necessarily provide a function-by-function assessment of claimant's limitations arising from her

5   impairments." AR 34. Defendant argues that "[t]he ALJ reasonably discounted Dr. Clune's

6   opinion on this basis" because Dr. Clune's use of the term "impaired" in her opinion does not

7   specify whether such impairment is mild or severe. *See* Dkt. 16 at 8. However, defendant does

8   not provide any authority for that position. Nothing in 20 C.F.R. § 416.920c suggests that an ALJ

9   can reject a medical opinion on that basis. Further, Dr. Clune also used "poor" to describe other

10  limitations, which defendant does not argue is vague. Therefore, it was unreasonable to reject Dr.

11  Clune's entire opinion based on that reason.

12     **III.     Other Issues**

13         Plaintiff also argues that the ALJ erred in rejecting other medical evidence and the

14  ultimate RFC determination. Because this Court is remanding this matter for further proceedings,

15  the ALJ must reassess all of the evidence and make another RFC determination. *See* Program

16  Operations Manual System (POMS) GN 03106.036 *Court Remand Orders*,

17  https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited April 14, 2022) (a court order

18  vacating a prior decision and remanding the case voids the prior decision and thus returns the

19  case to the status of a pending claim). Thus, this Court does not address plaintiff's remaining

20  issues.

21     **IV.     Remedy**

22         "The decision whether to remand a case for additional evidence, or simply to award

23  benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.

24  1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should

1    remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir.

2    2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors,

3    it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th

4    Cir. 2017).

5          The Ninth Circuit has developed a three-step analysis for determining when to remand

6    for a direct award of benefits. Such remand is generally proper only where:

7          (1) the record has been fully developed and further administrative proceedings
     would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient

8    reasons for rejecting evidence, whether claimant testimony or medical opinion; and
     (3) if the improperly discredited evidence were credited as true, the ALJ would be

9    required to find the claimant disabled on remand.

10   *Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1020.

11   However, when an ALJ errs, the proper course is to remand for further administrative

12   proceedings "except in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d

13   1090, 1099 (9th Cir. 2014).

14         Here, the analysis ends at the first step. There remain open questions regarding the extent

15   of inconsistencies between the medical evidence in the record. The ALJ will need to consider

16   what impact the improperly rejected testimony and opinion evidence will have on the evaluation

17   of other medical opinion evidence and the ultimate RFC determination. This type of fact-finding

18   is a function of the ALJ. Therefore, a remand for further proceedings is appropriate.

19                                                 **CONCLUSION**

20         Based on these reasons and the relevant record, the Court orders that this matter be

21   reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

22   further consideration consistent with this order.

23   *///*

24

Judgment should be for plaintiff and the case should be closed.

Dated this 15th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge